IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. RIVERA                : 
                                 :   CIVIL ACTION
        v.                       :
                                 :   NO.  15-5609
CHESTER COUNTY, et al.           :

O'NEILL, J.                                             September 19, 2016

## **MEMORANDUM**

The present action involves a pro se complaint filed by plaintiff Michael A. Rivera against more than sixty defendants including, among others, multiple corrections officers, the Chester County Prison warden, the prison food and medical director, Chester County municipality, Primecare, prison medical staff, the East Vincent Township Police Department, New Garden Township Police Department, the Chester County Detectives Office and individual Chester County Detectives.   Three groups of defendants, encompassing all but four of the named defendants,[1] have each filed a motion to dismiss.

Prior to addressing those motions, however, I have a statutory obligation, under 28 U.S.C. § 1915A, to conduct a preliminary review of any pro se complaint which seeks redress against government officials. Section 1915A provides, in pertinent part:

---

[1]  Correctional Officer Riggins, CEU Teary, Nurse Lisa and East Vincent Township Police Department have not filed either a motion to dismiss or an answer.  Requests for waiver of service were issued to all defendants on April 7, 2016, but none of the above four defendants responded to these requests.  As a result, in a May 19, 2016 order, I directed that the U.S. Marshals Service immediately serve each of them with a copy of plaintiff's complaint.  ECF No. 73.  The docket reflects that a summons to each of the four aforementioned defendants was returned executed on July 19, 2016, and that the defendants had until August 10, 2016 to file a responsive pleading.  ECF No. 84.  As of the date of this Memorandum, however, defendants CO Riggins, CEU Teary, Nurse Lisa and East Vincent Township Police Department have not entered an appearance.  Going forward, these defendants must be prepared to respond in a timely fashion to any amended complaints that may be filed.

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  Therefore, I must assess whether a pro se complaint "fails to state a claim upon which relief may be granted."  Id.

This standard mirrors the standard for addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012).  The Court of Appeals has established a two-part analysis for review of a Rule 12(b)(6) motion.  First, the well-pled factual allegations of the claim must be separated and accepted as true, while the legal conclusions are disregarded.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  Second, the district court must make a common sense determination as to whether the facts alleged in the complaint are sufficient to state a plausible claim for relief.  Id. at 211.  If the court can only infer the possibility of misconduct, the complaint must be dismissed for failure to "show" an entitlement to relief.  Id.  A prisoner's pro se complaint, however, should be "held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotations omitted), and the reviewing court must construe the facts stated in the complaint liberally in favor of the plaintiff.  Id.

"Yet there are limits to our procedural flexibility.  For example, pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they must abide by the same rules that apply to all other litigants."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d

Cir. 2013). In addition, a pro se prisoner's complaint must still comply with Federal Rule of Civil Procedure 8(a) of the Federal Rule of Civil Procedure which states:

> A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." Foster v. Raleigh, No. 10-1804, 2010 WL 3447768, at *4 (M.D. Pa. Aug. 30, 2010). A civil rights complaint must also state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pa. State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Finally, each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); see also Scibelli v. Lebanon Cnty., 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", Scibelli, 219 F. App'x 222, or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 without prejudice is appropriate. See, e.g., Rhett v. N.J. State Superior Court, 260 F. App'x. 513, 515–16 (3d Cir. 2008) (affirming district court's dismissal of pro se complaint where the pleadings contained "mostly unintelligible allegations against almost twenty seemingly disparate defendants" and where the district court was unable to "decipher" what exactly he "complains of [as well as] what relief he is seeking"); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011)

3

(affirming dismissal of pro se complaint where it was "so excessively voluminous and unfocused as to be unintelligible" and where it "defie[d] any attempt to meaningfully answer or plead to it").

In the present case, the foregoing principles compel dismissal of plaintiff's complaint without prejudice. The complaint is largely illegible, having been drafted in light pencil with no margins or paragraph spacing. Moreover, to the extent I can read portions of the complaint, it is not, by any standard, a "short and plain" statement of his claims with allegations that are "simple, concise, and direct." Indeed, plaintiff has named more than sixty defendants in this action and has provided thirteen handwritten, single-spaced pages of allegations in a single paragraph detailing numerous and often unrelated allegations against only some of the named defendants. He has failed to articulate, in an understandable fashion, the conduct, time, place and persons responsible for alleged violative conduct. These deficiencies have required extensive guesswork by defendants in order to discern precisely what allegations are set forth against which individuals. Based on my review of the complaint under § 1915A, I cannot find that plaintiff has met his obligation to set forth a short and plain statement of his claims that establishes a plausible claim upon which relief may be granted.

Nonetheless, I remain mindful that plaintiff, as a pro se litigant, should be afforded an opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (observing that a pro se litigation should be given leave to amend his complaint unless it would be inequitable or futile); Alston v. Parker, 363 F.3d 229, 235–36 (3d Cir. 2004) (stating that dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, or futility). In amending his pleading, however, plaintiff must take care to comply with the following standards:

4

      1.      The amended complaint must be filed within thirty days from the date of this memorandum and order.

      2.      The amended complaint must recite factual allegations which are sufficient to raise plaintiff's claimed right to relief above the level of mere speculation.

      3.      The amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and set forth allegations that are "simple, concise, and direct."

      4.      The amended complaint must describe plaintiff's causes of action in separately numbered paragraphs for each incident about which plaintiff alleges a claim. The allegations must clearly identify the time, place, conduct and name of the person responsible for the offending acts.

      5.      The amended complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed.

      6.      The amended complaint must be legible and should be either handwritten in blue or black ink with proper margins, or typewritten.

Failure to timely file an amended complaint that complies with my directives may result in dismissal of this action with prejudice.

      An appropriate order follows.